IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CAROLYN SIMS                                                                                               PLAINTIFF

V.                                          NO.  4:09cv00700 JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff, Carolyn Sims, seeks judicial review of the denial of her claim for supplemental security income (SSI) benefits.  Both parties have submitted briefs (doc. 14, 15).  For the reasons that follow, the Court[1] **affirms** the Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act and regulations and, therefore, is not entitled to SSI benefits.

I.

Judicial review of the Commissioner's denial of benefits examines whether the decision is based on legal error, and whether the findings of fact are supported by substantial evidence in the record as a whole.  42 U.S.C. §§ 405(g), 1383(c)(3); *Wildman v. Astrue*, 596 F.3d 959, 963 (8th Cir. 2010).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  In its review, the Court should consider evidence supporting the Commissioner's decision as well as evidence detracting from it.

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge (doc. 6).

*Wildman*, 596 F.3d at 964.  If substantial evidence supports the decision, it will not be reversed merely because substantial evidence would have also supported a contrary outcome, or because this Court would have reached a different conclusion  *Id.*

II.

In her application documents and at the hearing before the Administrative Law Judge (ALJ), Plaintiff alleged inability to work since June 8, 2007, due to leg and arm injuries from a car wreck.  (Tr. 23-29, 65, 78.)  Plaintiff was fifty-two years old at the time of the hearing and has an eleventh-grade education.  (Tr. 22.)  She has past work as a short order cook in various restaurants.  (Tr. 22-23.)

Under the applicable law, a claimant is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  The regulations provide a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. § 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  Basically, those procedures require the ALJ to take into account whether a claimant is working, whether the claimant's physical or mental impairments are severe, whether the impairments meet or equal an impairment listed in the regulations, whether the impairments prevent a resumption of work done in the past, and whether they preclude any other type of work.  *Id.*

Here, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her application date of July 16, 2007.[2]  The ALJ next determined, at step two, that Plaintiff suffered from severe impairments related to the fracture of upper limbs, the fracture of lower limbs, and osteoarthritis, but that none of her impairments, individually or in combination, equaled a step-three listed impairment as contained in the regulations. The ALJ next determined, at step four, that Plaintiff retained the residual functional capacity (RFC) to lift twenty pounds occasionally, sit six hours of an eight-hour workday, and stand/walk six hours of an eight-hour workday.  After taking testimony from a vocational expert, the ALJ found that Plaintiff's past work as a restaurant cook did not require the performance of work-related activities precluded by this RFC.  The ALJ thus found that Plaintiff could perform her past relevant work and was not disabled, ending his analysis at step four.  (Tr. 8-14.)  Plaintiff pursued administrative review with no success, making the ALJ's decision the final decision of the Commissioner.  (Tr. 1-4.)

### III.

Plaintiff raises one issue for reversal or remand: the ALJ failed to comply with the applicable regulations and rulings in determining the demands of her past relevant work at step four of the sequential evaluation process.

A claimant will be found not-disabled at step four if he can perform his "past relevant work," either as he actually performed it or as generally performed in the national economy.

---

[2] SSI benefits are not payable for any period prior to the date a claimant files an SSI application.  See *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).  In other words, the relevant time period in SSI cases starts with the date the SSI application is filed.  *Id.*

20 C.F.R. §§ 416.920(a)(4)(iv) & (f), 416.960(b)(2).  Before determining that a claimant is capable of performing his past work, the ALJ has a duty to "fully investigate and make explicit findings as to the physical and mental demands" of the past work and "compare that with what the claimant herself is capable of doing."  *Sells v. Shalala*, 48 F.3d 1044, 1046 (8th Cir. 1995) (quoting *Nimick v. Secretary of Health & Human Servs.*, 887 F.2d 864, 866 (8th Cir. 1989)).  A conclusory determination that the claimant can perform past work does not constitute substantial evidence that the claimant is able to return to his or her job. *Sells*, 48 F.3d at 1046.

The agency's guidelines recognize that the claimant is the primary source for vocational documentation regarding the skill level and exertional demands of past work; however, supplementary or corroborative information from other sources, such as the Dictionary of Occupational Titles (DOT), may be used in evaluating work as it is generally performed in the economy.  SSR 82-61, 1982 WL 31387, *2 (1982); SSR 82-62, 1982 WL 31386, *3 (1982); *see* 20 C.F.R. §§ 416.960(b)(2), 416.965(b).  Additionally, an ALJ may properly utilize the services of a vocational expert or specialist, who "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 416.960(b)(2); *see* SSR 82-61, *supra* at *2.

The ALJ explicitly found that Plaintiff had the RFC to perform work at the "light exertional level." (Tr. 13), specifically, to lift twenty pounds occasionally, sit six hours of an eight-hour workday, and stand/walk six hours of an eight-hour workday (Tr. 10).  The

regulations define light work activity as lifting objects weighing up to twenty pounds at a time, and frequently lifting or carrying objects weighing up to ten pounds. 20 C.F.R. § 416.967(b). The full range of light work requires the ability to stand or walk, off and on, a total of six hours in an eight-hour workday, with intermittent sitting during the remaining time. SSR 83-10, 1983 WL 31251, *6 (1983).

The record contains the following evidence regarding Plaintiff's past work.

In a disability report submitted during the application process, Plaintiff stated that she worked from 1981 to 1999 as a restaurant cook, but had not worked since then. She said she "fried, baked and cooked foods, cleaned restaurants, washed dishes, took customer orders, [and] worked as a cashier." She reported that, each day, she walked six hours, stood six hours, and sat one hour. She said that she lifted pots and pans and carried them a short distance, one to two hours a day, and that the heaviest weight she lifted was twenty pounds. (Tr. 78-79.) In a "work history report" submitted to the agency, she said she walked or stood seven hours, and sat one hour, and was required to lift pots and pans and carry trays. She said the heaviest weight she lifted was twenty pounds and that she frequently lifted less than ten pounds. (Tr. 94-95.)

At the hearing in February 2009, she said that her job as a cook was "mostly standing" but that she could sit between orders, about an hour or two. (Tr. 22-23.)

A vocational expert was present throughout the administrative hearing and testified when called by the ALJ. (Tr. 20, 31-33.) The expert testified that he had studied the records made available to him regarding Plaintiff's vocational history and had listened to her testimony about her work history. He said he was familiar with the Social Security regulations defining the various exertional and skill levels. He then described Plaintiff's

past work as a short order cook, classified as "light exertional level, semi-skilled, SVP of three, DOT code is 313.374-014." (Tr. 32-33.)  *See Dictionary of Occupational Titles* § 313.374-014, 1991 WL 672717 (4th ed. 1991) (cook, short order).

The ALJ's relevant analysis was as follows:

> **5.     The claimant is capable of performing past relevant work as a restaurant cook.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).**
>
> Jerry Miller, vocational expert, testified the claimant's past relevant work as a short order cook was performed at the semi-skilled, light exertional level.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually performed.

(Tr. 14.)  Plaintiff argues that this analysis is conclusory, fails to fully and explicitly describe the demands of her past work, and fails to refer to any of her testimony or application documents regarding her work.

Clearly, the ALJ relied on the vocational expert's testimony in determining that Plaintiff remained capable of performing the demands of her past work.  However, it is not clear from the ALJ's decision or the expert's testimony whether the determination was based on Plaintiff's past work as she actually performed it, or on the work as it is generally performed in the national economy.  Substantial evidence in the record supports either interpretation.

The vocational expert referred to the DOT, which the agency recognizes as an authoritative source on the requirements of work as generally performed in the economy. SSR 82-61, *supra* at *2; SSR 82-62, *supra* at *3.  The DOT is the Commissioner's "primary

source" of reliable job information. *Fines v. Apfel*, 149 F.3d 893, 895 (8th Cir. 1998); *see* 20 C.F.R. §§ 416.960(b)(2), 416.966(d)(1). As accurately stated by the expert, the DOT classifies the strength demand as "light" for the occupation of short order cook, defined there as exerting up to twenty pounds of force occasionally, up to ten pounds frequently, and requiring walking or standing "to a significant degree." *See DOT* § 313.374-014. Also as stated by the expert, the DOT assigns the occupation an SVP (specific vocational preparation time) of three, which corresponds to semi-skilled work.[3] *Id.* This evidence supports a finding that Plaintiff's RFC would permit her to perform her past work as a restaurant cook as it is generally performed in the national economy.

Additionally, the vocational expert stated that he formulated his findings after listening to Plaintiff's testimony and reviewing the agency records about her vocational history. (Tr. 32.) In one form, Plaintiff reported that, as a restaurant cook, she walked or stood up to six hours in a day, with an hour of sitting, and lifted up to twenty pounds. She testified at the hearing that her job involved "mostly standing" with an hour or two of sitting when she was not cooking. These statements support the expert's description of the work as "light," which, in turn, supports a determination that Plaintiff remained capable of performing her past work as she actually performed it.[4]

---

[3]The DOT assigns each occupation a number that reflects the job's SVP time, i.e., how long it generally takes to learn the job. *Fines*, 149 F.3d at 895; *see DOT*, App. C, 1991 WL 688702. Unskilled work corresponds to an SVP level of 1-2; semi-skilled work to an SVP level of 3-4; and skilled work to an SVP level of 5-9. SSR 00-4p, 2000 WL 1898704, *3 (Dec. 4, 2000).

[4]There are two discrepancies in Plaintiff's reports which can be discounted as either misstatements or not credible in light of the rest of the evidence. First, in her first written disability report, she stated that the heaviest weight she lifted in her work was 20 pounds and then, in response to the next question, she stated that she frequently lifted 30 pounds. (Tr. 79.) This is inconsistent with her other responses in the report, with her later work history report, with the DOT's description of a short order cook's job responsibilities, and with the vocational expert's adoption of

The ALJ thus made explicit findings regarding Plaintiff's RFC, made an explicit finding that Plaintiff's past work as a restaurant cook did not require the performance of work-related activities precluded by this RFC, and then made an explicit finding that Plaintiff remained capable of performing that work. The ALJ also recited and relied upon vocational expert testimony describing the demands of the work, and that testimony supports a determination that Plaintiff remained capable of performing the work as she actually performed it and as it is generally performed in the economy. The ALJ's analysis substantially complies with the applicable agency guidelines, and any arguable deficiency in setting forth his findings does not require reversal or remand as his ultimate step-four conclusion is clear and is supported by the vocational expert's testimony and other evidence in the record. *See Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008) (inconsistent paragraph did not require reversal where it had no bearing on outcome; opinion remained clear that claimant could perform past work and was found not disabled at step four).

IV.

After a careful review of the evidence and all arguments presented, the Court finds that Plaintiff's arguments for reversal are without merit and that the record as a whole contains substantial evidence upon which the ALJ could rely in reaching his decision.

---

the DOT description. Similarly, Plaintiff's statement in her work history report that she walked or stood seven hours a day (Tr. 95), which would exceed the light work requirements, is inconsistent with the rest of the record.

ACCORDINGLY, the final decision of the Commissioner is **affirmed** and Plaintiff's case is **dismissed** with prejudice.

IT IS SO ORDERED this 18th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE